So we'll move to our last case, Fredericks v. La Grange Memorial Hospital. Mr. Smith. Good morning, Your Honors. May it please the Court, Michael Smith on behalf of the appellant. I'm representing a former employee of Adventist who had worked for the company for 37 years. She was 56 years old at the time that she was terminated. We believe that the termination was... It's a terrible record as an employee. I think, Your Honor, with regards to the Court's concern that she had refuted many of the allegations, most of the problems that she had were with Karen Brown when she became supervisor in 2010. We did have in the evidence, too, that she did go to the Human Rights Department to indicate that she believed a lot of her disciplinary actions were being brought against her were basically unfounded and she challenged them. And with that, moving forward, I believe that in Gordon v. United, by this Court, that she did provide a refuted testimony to HR that certainly the Court and the District Court didn't take into consideration. The Court did list out a lot of the facts of the case, including that Ms. Fredericks had challenged a lot of the disciplinary action that was going on, but yet in the holding, the majority of the facts really weren't covered. It was just that the Adventists had created evidence that supported the termination. And I don't believe that there was certainly material disputes, Your Honor, in regards to the disciplinary action that she explained away. And the main one being the termination in 2011, where there was an alleged problem where she was giving radiation or technic support to a 16-year-old. And she previously had noticed that the mother was creating a disturbance in the lobby. And she asked the mother to wait in the lobby and not follow her into the radiation room. The mother refused and came in and created a major issue that called for another technician to come in for the x-ray room. It was shortly after that that my client was terminated because of the complaint that the mother had made. There is no real evidence in the record that substantiates any sort of occurrence witness that would support the testimony against my client. So we really need to rely on the evidence that she believed that there was a dispute and she was trying to protect herself by getting another technician. I think it was wrongful, and I believe that she also had seen prior to her termination that it was published on the Internet. So there certainly was a pretext that they were going to get rid of her before they did. Are there any questions? Okay. Thank you, Mr. Schmidt. Mr. Cain. Good afternoon now, Your Honors. May it please the Court. It's our position that the district court conducted a very thorough review and analysis of the summary judgment record in the case as well as the party's contentions and correctly came to the conclusion that the hospital is entitled to summary judgment really for three independent reasons, any or all of those reasons, one being that the plaintiff really could not present sufficient evidence on her prima facie case even in two respects with respect to whether she was meeting the hospital's legitimate performance expectations at the critical time of her termination, which clearly she was not, and also failed to present sufficient evidence of any similarly situated coworkers who were substantially younger, had similar performance records, and were somehow treated more favorably. So the Court didn't need to get to the pretext analysis but went through that analysis as well, clearly found that there was really no evidence that called into question whether Karen Brown honestly believed in the reasons for the termination. And just to very quickly cover the last incident, it did involve a minor patient. There's no dispute of fact about the fact that the patient's mother complained about the care that Ms. Frederick's was giving to her son. In Ms. Frederick's own words, the mother went ballistic about how the situation was being handled. She asked for another tech to do the x-ray instead, and ultimately it's also undisputed that she ended up leaving the hospital with her son and going elsewhere for treatment. So this occurred while Ms. Frederick's was on a 90-day probation, disciplinary probation, for numerous prior incidents of misconduct or poor performance. Virtually every one of those was the result of a patient or co-worker complaint. There's no dispute about the fact that these complaints actually happened, and there's certainly no evidence calling into question whether Ms. Brown honestly believed in these complaints and relied on the complaints. So for those reasons alone, certainly the district court was correct. Very briefly on similarly situated, Ms. Frederick's acknowledges that she put forth a couple of potential comparators. There was no evidence in the record of how old those individuals were in order for the court to make a determination on whether they were substantially younger. But more important than that, she admitted that she has no personal knowledge of their disciplinary histories. She admitted that she's unaware of any other employee who had as many infractions in a 12-month period as she had. So in our view, and I think you expressed it at the outset, Judge Posner, the record of this employee was wanting to be kind, and I think the hospital gave her many opportunities and warnings and probation and the like, and unfortunately she couldn't conform her behavior to their expectations. So for those reasons, we believe the decision of the district court should be affirmed. Okay. Thank you, Mr. Kaye. Mr. Smith, do you have anything further? Just briefly, Your Honor. Again, I'd like to say that the incident that caused her dismissal, again, was totally refuted by my client. There was no evidence in the record other than the accusation against her that caused her termination. As far as the comparables, there's nothing in the record that says that when we said that they were younger, there was not disputed. So I would take issue with the comparables, too, Judge. With that, I have nothing. But they could be one day younger. I suppose that could be corrected. Okay. Well, thank you very much, Mr. Smith and Mr. Kaye. And the court will be in recess.